IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES EARL THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JUDITH O'CONNOR; JOHN G. STOKESBERRY; )<br>CLYDE E. JONES; KATRINA MU'MIN; )<br>PETE JOHNSON; CHARLES W. EDWARDS; )<br>JOHN S. NETTLES; MARVIN J. ROYE; )<br>ALMA P. BERRY; JAMES HARD, IV; )<br>ROY J. BROWN; WHITMER A. THOMAS; )<br>and G. ALLEN MEIGHAN, Jr., )<br>)<br>Defendants. ) | CV 97-G-2512-S<br><br>**ENTERED**<br>SEP 18 2000 |

## MEMORANDUM OF OPINION

James Earl Thomas, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, alleging "a conspiracy for the purpose of depriving plaintiff of the equal protection of the laws." Plaintiff names as defendants former Alabama Board of Pardons and Paroles members Judith O'Connor and John S. Nettles; Probation Officer Charles W. Edwards; Parole Officer Alma P. Berry; Alabama Bureau of Investigation Agent Marvin J. Roye; Birmingham attorneys Clyde E. Jones, Katrina Mu'Min, Roy J. Brown, Whitmer A. Thomas, and G. Allen Meighan, Jr.; Jefferson County Assistant District Attorney John G. Stokesberry; Jefferson County District Judge Pete Johnson; and Jefferson County Circuit Judge James Hard, IV. As relief for the alleged constitutional violations, plaintiff seeks only money damages.

32

Under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service. In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

In his complaint, plaintiff states that he was released on parole in 1988. He thereafter opened a business in Birmingham, Alabama, selling "non-official photo identification cards." Complaint (Document #1) at 6. On August 10, 1995, plaintiff was arrested "by agents of the United States Secret Service" (none of whom are named as defendants in this action) when one of his employees sold an identification card to a government informant. *Id.* Plaintiff states that while the conduct for which he was arrested did not constitute a criminal offense under state law, Agent Wilson nevertheless "had a parole hold place against him." *Id.* at 7.

Defendant Edwards then "filed a delinquency report against the plaintiff on August 15, 1995," and a preliminary parole revocation hearing was held before Parole Officer Alma Berry on August 24, 1995. *Id.* at 7-9. Parole Officer Berry recommended that plaintiff's parole be revoked and ordered that he be held in the county jail pending a final determination by the Alabama Board

of Pardons and Paroles. A parole revocation hearing was held on October 3, 1995, and plaintiff's parole was formally revoked by defendants O'Connor and Nettles "because [he] was charged with a crime." *Id.* at 16.

It appears that plaintiff was, in fact, charged with a state offense based on his sales of identification cards. Plaintiff states that he offered to plead guilty to this offense "in order to get the detainers off [him]," but Assistant District Attorney Stokesberry would not permit him to do so. *Id.* at 25. Attached to plaintiff's complaint as Exhibit C is a copy of an order entered May 8, 1997, by Circuit Judge Hard dismissing the charges against plaintiff.

### CONSPIRACY CLAIMS

Plaintiff claims that the defendants conspired to revoke his parole on the basis of conduct that is not a crime under state law. "There are two elements of a § 1983 conspiracy: 1) 'an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and 2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement.'" *Ryan v. Illinois Dept. of Children and Family Services*, 963 F. Supp. 1490, 1504 (C.D. Ill. 1997) *(quoting Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir.1988), *cert. denied*, 486 U.S. 1043 (1988)). In order to establish such a conspiracy, a plaintiff "must allege facts showing that the defendants shared a 'unity of purpose or common design' to injure the plaintiff." *Sales v. Murray,* 862 F. Supp. 1511, 1517 (W.D. Va. 1994) (§ 1983) *(quoting American Tobacco Co. v. United States*, 328 U.S. 781 (1946)). Similarly, in order to establish a conspiracy under § 1985(3), "a plaintiff must demonstrate that the conspirators ha[d] an agreement to inflict injury or harm upon him" and that they "act[ed] with a single plan, the general nature and scope of which [wa]s known to each

3

would-be conspirator." *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir. 1999). Conclusory assertions such as the "defendants agreed to violate plaintiff's rights and took 'concerted action' to do so" are not sufficient to establish the fact of a conspiracy. *Aniniba v. City of Aurora*, 994 F.Supp. 1293, 1298 (D. Colo. 1998). Section 1986 "applies when a person, including a federal officer acting under color of federal law, has knowledge that an act mentioned in § 1985 is about to be done, has the power to prevent the same, and fails to act. It can only be pleaded once a Plaintiff has sufficiently alleged a § 1985(3) violation." *Bergman v. United States*, 551 F. Supp. 407, 415 (W.D. Mich. 1982).

Plaintiff repeatedly asserts that the defendants conspired to revoke his parole, but he has failed to set forth specific facts clearly demonstrating that an agreement for that purpose actually existed between any of the thirteen named defendants. A conspiracy claim "may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). Accordingly, plaintiff's claims of conspiracy are due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Because plaintiff has failed to sufficiently allege the elements of a § 1985(3) violation, he cannot maintain a claim under § 1986.

Moreover, plaintiff's claims concerning the revocation of his parole are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that no cause of action lies under § 1983 if the necessary effect of the claim would be to undermine the validity of a final criminal conviction. The Court explained:

> [I]n order to recover damages for allegedly unconstitutional conviction *or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

4

> question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnotes omitted). Although *Heck* itself dealt only with criminal convictions and sentences, a number of Courts of Appeals have extended its rationale to parole and probation revocation proceedings as well. *See White v. Gittens*, 121 F.2d 803 (1st Cir. 1997); *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122 (5th Cir. 1995); *Jackson v. Vannoy*, 49 F.3d 175 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1995); *Crow v. Penry*, 102 F.3d 1086 (10th Cir. 1996). Indeed, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court held that the *Heck* rationale also extends to prison disciplinary proceedings that affect the duration of confinement a prisoner may face. Thus, under *Heck*, the plaintiff must show either that his claim does not necessarily imply the invalidity of his parole revocation or that the revocation has otherwise been reversed, set aside, or expunged.

In the present case, it is clear that plaintiff's claims *do* necessarily imply the invalidity of the probation revocation. He contends that his parole was improperly revoked on the basis of conduct that did not constitute a criminal offense under state law. This claim, if proved, would necessarily invalidate the revocation of plaintiff's parole. In addition, plaintiff has made no assertion that the revocation has been reversed or set aside; to the contrary, it is clear from the face of the complaint that plaintiff is still in the custody of the Department of Corrections serving the sentence imposed upon revocation. It is therefore clear that, under *Heck*, plaintiff has failed to state a claim

5

upon which relief can be granted. Consequently, his claims for money damages against the defendants are due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### ATTORNEY DEFENDANTS

Plaintiff complains that the five attorney defendants – Clyde E. Jones, Katrina Mu'Min, Roy J. Brown, Whitmer A. Thomas, and G. Allen Meighen, Jr. – either accepted his money, then refused to represent him during the revocation and/or criminal proceedings or represented him, but provided him with ineffective assistance of counsel. It is well settled that an attorney representing a defendant in a criminal case does not act "under color of state law" and therefore cannot be liable in an action brought under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Skipper v. Brummer*, 598 F.2d 427 (5th Cir. 1979); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259 (5th Cir. 1976); *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974). Where a prisoner seeks to sue the lawyer who represented him in a criminal proceeding, he must find some basis other than the civil rights statutes to support federal jurisdiction. Plaintiff has failed to state a claim upon which relief can be granted against defendants Jones, Mu'Min, Brown, Thomas, and Meighen. The claims against these five defendants related to their representation of plaintiff or their refusal to represent him are therefore due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### PROSECUTORIAL and JUDICIAL IMMUNITY

The claims for monetary damages against Assistant District Attorney Stokesberry, District Judge Johnson, and Circuit Judge Hard are also due to be dismissed on the basis of absolute

immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that state prosecutors have absolute immunity for their prosecutorial actions in § 1983 cases seeking money damages. Although subsequent cases have held that such absolute immunity may not extend to those aspects of a prosecutor's responsibility that cast him in the role of an administrator or investigative officer, it is still clear that a prosecutor is immune from a civil suit for damages when he is performing the normal range of prosecutorial actions in connection with a criminal case. This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir.1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978). Prosecutorial immunity also extends to claims brought pursuant to § 1985. *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir.1992), *cert. denied*, 506 U.S. 1053 (1993). In this case, plaintiff has failed to set forth any facts that would demonstrate that defendant Stokesberry has acted in any manner other than as a prosecutor. Defendant Stokesberry is therefore entitled to prosecutorial immunity and all of the claims for monetary damages against him are due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

As for Judges Johnson and Hard, it is well settled that judges are entitled to the defense of absolute judicial immunity and are not subject to liability for damages for actions committed within their jurisdiction. This immunity extends to actions under § 1983, *Pierson v. Ray*, 386 U.S. 547 (1967), *Stump v. Sparkman*, 435 U.S. 349 (1978), and to actions under § 1985, *see Scott v. Hayes*, 719 F.2d 1562 (11th Cir. 1983). Moreover, this immunity applies even when the judicial acts are done maliciously or corruptly. *Stump*, 386 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985). All of the claims for monetary

7

damages against Judge Johnson and Judge Hard are therefore due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## STATE LAW CLAIMS

Plaintiff states in his complaint that he is also alleging a number of state law claims such as breach of contract, conversion, deceptive trade practices, and intention infliction of emotional distress. The court makes no determination as to whether plaintiff's factual allegations support these claims.

Under the Judicial Improvements Act of 1990, codified at 28 U.S.C. § 1367, with certain exceptions not here applicable, "the district courts *shall* have supplemental jurisdiction over all other claims that are so related to [federal] claims in [an] action . . . that they form part of the same case or controversy under Article III of the United States constitution." 28 U.S.C. § 1367(a) (emphasis added). However, a district court "*may* decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* at § 1367(c)(3) (emphasis added). Because the federal claims in this case are due to be dismissed, this court declines to exercise supplemental jurisdiction over plaintiff's state law claims and those claims are due to be dismissed without prejudice.

A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

DATED this 18th day of September, 2000.

J. FOY GUIN, JR.
UNITED STATES DISTRICT JUDGE